**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JASMINE GILLESPIE<br>5425 South Ridgewood Street<br>Philadelphia, PA 19143<br><br>Plaintiff,<br><br>v.<br><br>THE KIBITZ ROOM KING OF PRUSSIA, LLC<br>128 Town Center Road<br>King of Prussia, PA 19406<br><br>Defendant. | CIVIL ACTION NO.:<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT – CIVIL ACTION**

Plaintiff Jasmine Gillespie ("Plaintiff"), by and through her undersigned attorney, for her Complaint against The Kibitz Room King of Prussia, LLC ("Defendant"), alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this Complaint contending that Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the Pennsylvania Human Relations Act (the "PHRA"), 43 Pa. C.S.A. § 951, *et seq.*, with respect to discrimination on the basis of her race (African-American), and gender (female) and in retaliation for her complaint(s) of discrimination in connection thereto.

2. Plaintiff further brings this Complaint contending that Defendant violated the FLSA by discriminating against and ultimately terminating her in retaliation for engaging in protected activity under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

**PARTIES**

3. Plaintiff Jasmine Gillespie is a citizen of the United States and Pennsylvania, and currently maintains a residence at 5425 S Ridgewood Street Philadelphia, PA 19143.

4. Upon information and belief, Defendant The Kibitz Room King of Prussia, LLC is a for-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 128 Town Center Road King of Prussia, PA 19406

5. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant thereto in the course and scope of their employment with and for Defendant.

**JURISDICTION AND VENUE**

6. On or about September 29, 2025, Plaintiff filed a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission (the "EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission (the "PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e).

7. Plaintiff's EEOC Charge was docketed as Charge No. 530-2025-06257 and was filed within one hundred and eighty (180) days of the unlawful employment practice alleged herein.

8. By correspondence dated August 7, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days to file suit against Defendant.

9. Plaintiff filed the instant action within the statutory time frame applicable to her claims.

10. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*

11. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1331 and 1343 as it is a civil rights action arising under the laws of the United States.

12. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same nucleus of operative fact as the federal claims.

13. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendant conducts business therein and the events giving rise to this action occurred in this district.

## FACTUAL ALLEGATIONS

14. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

15. By way of background, Plaintiff is an African-American woman.

16. Plaintiff began her employment with Defendant on or about March 8, 2025, in the position of Deli Associate.

17. At all times material hereto, Plaintiff performed her job well and received no justifiable discipline.

18. Throughout the course of her employment, Plaintiff, as well as Defendant's other African-American employees, were subjected to racially motivated and discriminatory mistreatment.

19. By way of example, on or about May 8, 2025, a white employee named Barry LNU expressed to Plaintiff and her co-workers his belief that Defendant should not have hired African-American employees.

20. Barry LNU also expressed his belief that he should be allowed to use the n-word because, "when [he] was growing up, it wasn't a bad word."

21. Plaintiff promptly reported Barry LNU's discriminatory misconduct to management.

22. In doing so, Plaintiff engaged in protected activity under Title VII and the PHRA.

23. Shockingly, however, instead of addressing Plaintiff's complaints, management instructed Plaintiff to "say something racist back" to Barry LNU.

24. Given Defendant's refusal to address Plaintiff's complaint, Barry LNU's discriminatory conduct continued unabated, and he continued to openly use the n-word in the workplace.

25. Barry LNU also made an unsolicited comment to Plaintiff that he thought she resembled a certain player in the Women's National Basketball Association, the only apparent resemblance being that they were both African-American.

26. Defendant's management also perpetuated a hostile work environment for Plaintiff and her female co-workers on the basis of their gender.

27. By way of example, Defendant's owner Neil Parish frequently referred to women as "bitches."

28. The hostile work environment created by Defendant also further emboldened Barry LNU's discriminatory behavior.

29. By way of example, on or about May 13, 2025, Plaintiff observed Barry LNU make unwelcomed sexual advanced on a nineteen (19) year old female co-worker.

30. Plaintiff promptly informed Defendant's owner of the same and reiterated her earlier complaint regarding the hostile work environment she and her co-workers were forced to endure.

31. In doing so, Plaintiff engaged in protected activity under Title VII and the PHRA.

32. On or about the week of May 5, 2025, Defendant failed to compensate Plaintiff for three (3) hours of work performed beyond forty (40) hours in the preceding pay period, in violation of the FLSA.

33. On or about the week of May 12, 2025, made an internal complaint to Defendant's owner about the aforementioned unpaid hours.

34. In doing so, Plaintiff engaged in protected activity under the FLSA.

35. On or about May 14, 2025, Defendant abruptly terminated Plaintiff's employment.

36. When Plaintiff asked why she was being terminated, Defendant's manager simply stated, "It's not going to work."

37. It should be noted that, upon information and belief, other co-workers such as Ivelissa Gonzalez had made similar complaints and were also terminated.

38. Following Plaintiff's termination, Respondent's owner's son texted Plaintiff and falsely accused her of leaving negative Google reviews for Defendant's business.

39. He further claimed that he was "tied in with the Montgomery County Judge" and threatened Plaintiff that, "[t]he cops are coming to your house now."

40. Based on the aforementioned, Plaintiff believes and therefore avers that Defendant discriminated against her, subjected her to a hostile work environment, and ultimately terminated her employment because of her race, and gender and in retaliation for her complaints of discrimination in connection thereto in violation of Title VII of the Civil Rights Act of 1964, and the Pennsylvania Human Relations Act.

41. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, health and/or retirement benefits, loss of potential benefits, and other economic damages.

**COUNT I**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. § 2000e, *et seq.***
**GENDER DISCRIMINATION, HOSTILE WORK ENVIRONMENT, AND RETALIATION**

42. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

43. Upon information and belief, Defendant employed over fifteen (15) employees at all times relevant hereto.

44. Plaintiff is a female and, as such, is a member of a protected class.

45. At all times material hereto, Plaintiff was qualified for her position with Defendant.

46. Defendant engaged in discriminatory and retaliatory behavior toward Plaintiff on the basis of her gender.

47. Defendant subjected Plaintiff to and/or otherwise permitted the existence of a hostile work environment because of her gender in violation of Title VII.

48. Defendant subjected Plaintiff to retaliation because she complained or the hostile work environment in violation of Title VII.

49. Ultimately, Defendant took tangible employment action against Plaintiff in the form of terminating Plaintiff from employment because of her gender, in violation of Title VII.

50. Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

51. Because of Defendant's deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff suffered damages in the form of, *inter alia*, loss of past and future wages and compensation, mental and emotional damages, damage to reputation, personal humiliation, and loss of life's enjoyment.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages and front pay, in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of caps on certain damages as set forth by applicable law.

**COUNT II**
**THE PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951, *et seq.***
**GENDER DISCRIMINATION, HOSTILE WORK ENVIRONMENT, AND RETALIATION**

52. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

53. At all times relevant hereto, Defendant had at least four (4) employees.

54. At all times material hereto, Plaintiff was qualified for her position with Defendant.

55. Defendant engaged in discriminatory and retaliatory behavior toward Plaintiff on the basis of her gender.

56. Defendant subjected Plaintiff to and/or otherwise permitted the existence of a hostile work environment because of her gender in violation of the PHRA.

57. Defendant subjected Plaintiff to retaliation because she complained or the hostile work environment in violation of the PHRA.

58. Ultimately, Defendant took tangible employment action against Plaintiff in the form of terminating Plaintiff from employment because of her gender, in violation of the PHRA.

59. Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

60. Because of Defendant's deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff suffered damages in the form of, *inter alia*, loss of past and future wages and

compensation, mental and emotional damages, damage to reputation, personal humiliation, and loss of life's enjoyment.

61. The conduct described above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 955, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C. Pre-judgment interest in an appropriate amount; and

D. Such other and further relief as is just and equitable under the circumstances; and,

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT III
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. § 2000e, *et seq.*
## RACE DISCRIMINATION, HOSTILE WORK ENVIRONMENT & RETALIATION

62. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth as length herein.

63. Defendant employed at least fifteen (15) employees at their various locations at all times relevant hereto.

64. Plaintiff is African-American and as such is a member of a class protected under Title VII from unlawful discrimination or harassment because of race.

65. Defendant subjected Plaintiff to disparate and discriminatory mistreatment on the basis of her race, in violation of Title VII.

66. Defendant subjected Plaintiff to and/or otherwise permitted the existence of a hostile work environment because of her race in violation of Title VII.

67. Defendant subjected Plaintiff to retaliation because she complained or the hostile work environment in violation of Title VII.

68. By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated Title VII by terminating Plaintiff's employment on the basis of her race.

69. Defendant acted with reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

70. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress, damage to reputation, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgement in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00).

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00), and sufficient to punish Defendants for their intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

**COUNT IV**
**THE PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951, *et seq.***
**RACE DISCRIMINATION, HOSTILE WORK ENVIRONMENT AND RETALIATION**

71. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

72. At all times relevant hereto, Defendant had at least four (4) employees.

73. At all times material hereto, Plaintiff was qualified for her position with Defendant.

74. Defendant engaged in discriminatory and retaliatory behavior toward Plaintiff on the basis of her race.

75. Defendant subjected Plaintiff to and/or otherwise permitted the existence of a hostile work environment because of her race in violation of the PHRA.

76. Defendant subjected Plaintiff to retaliation because she complained or the hostile work environment in violation of the PHRA.

77. Ultimately, Defendant took tangible employment action against Plaintiff in the form of terminating Plaintiff from employment because of her race, in violation of the PHRA.

78. Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

79. Because of Defendant's deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff suffered damages in the form of, *inter alia*, loss of past and future wages and compensation, mental and emotional damages, damage to reputation, personal humiliation, and loss of life's enjoyment.

80. The conduct described above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 955, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

F. Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

G. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

H. Pre-judgment interest in an appropriate amount; and

I. Such other and further relief as is just and equitable under the circumstances; and,

J. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT V**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 215, *et seq.***
**<u>RETALIATION</u>**

81. Plaintiff incorporates the preceding paragraphs as though the same were fully set forth at length herein.

82. Plaintiff engaged in protected activity under the FLSA.

83. Shortly thereafter, Defendant retaliated against Plaintiff by terminating Plaintiff's employment.

84. By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the FLSA by discharging Plaintiff in retaliation for engaging in protected activity under the FLSA.

85. As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays for the following relief:

A. Back wages and front pay in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000);

B. Liquidated damages in accordance with the FLSA;

C. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

D. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

F. Pre-judgment interest in an appropriate amount;

G. Such other and further relief as is just and equitable under the circumstances.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: s/_*Johannes Hoffman*________

Michael Murphy, Esq.
Johannes Hoffman, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
jhoffman@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated: August 26, 2026

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.